IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04789-GPG

ALAN JOAN ENRRIQUEZ,

Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Processing Center,
GEORGE VALDEZ, Acting Field Office Director, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLEN, Acting Secretary, U.S. Department of Homeland Security,
DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director of Immigration and Customs Enforcement,
TODD BLANCHE, Acting U.S. Attorney General, U.S. Department of Justice,
SIRCE E. OWEN, Director of the Executive Office for Immigration Review,
in their official capacities,

Respondent.

---

**ORDER**

---

Before the Court is Petitioner's Amended Verified Petition for Writ Of Habeas Corpus (D. 14).

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

On October 9, 2026, the Court ordered respondents to show cause "why the Petition should not be granted either requiring a bond hearing within seven days or Petitioner's release from custody" (D. 13).

Respondents indicated they are:

> not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention.

(D. 20).

The Court sees no reason to delay release, and Respondents do not suggest any circumstances necessitating up to seven days to release a person who they do not contest was unlawfully detained without a warrant. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026) ("the district court must grant Santillan Quiroz's petition forthwith").

In view of Respondents' failure to oppose the Petition[1], which states a viable claim for unlawful detention, or provide a basis for denial, it is ORDERED that the Petition is GRANTED. *See United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) ("This court . . . will not craft a party's arguments for him." (quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 (10th Cir. 1999))); *Santucci v. Commandant, United States Disciplinary Barracks,* 66 F.4th 844, 851 n.9

[1] The Court trusts that Respondents are conducting a full review of each Petitioner's case for community safety concerns and exercising appropriate discretion if they decide not to file a response. If the Government chooses not to respond, the Court is left with only the information provided by Petitioner and has no independent ability to scrutinize Petitioner's claims—particularly with regard to any potential criminal history.

(10th Cir. 2023) ("[U]nder the party-presentation principle, we, not only will not, but 'cannot make arguments for [a party].'" (quoting *Yelloweagle,* 643 F.3d at 1284)))

It is FURTHER ORDERED that Petitioner shall be released from custody within 48 hours. Respondents may not impose additional or more onerous conditions on Petitioner than those that have previously been found appropriate by an Immigration Judge. Respondents shall file a status report within five (5) days of this Order certifying compliance.

It is FURTHER ORDERED that Respondents are prohibited and enjoined from re-detaining Petitioner on the same grounds unless and until a final order of removal issues.

DATED October 16, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge